UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**KATHLEEN BRISSET ROME**                       **CIVIL ACTION NO.**

**versus**

**ACADEMY SPORTS AND OUTDOORS, INC.,
LEONEL F. MEDINA, AND GWEN CLEAVES**

## NOTICE OF REMOVAL

TO:   THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, Academy Sports and Outdoors, Inc. ("Academy"), an improperly named defendant,[1] hereby gives notice of the removal of this action from the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, to the United States District Court for the Eastern District of Louisiana. In support of this Notice of Removal, Academy submits the following:

1.

Plaintiff Kathleen Brisset Rome ("Plaintiff") filed a Petition for Damages against Academy on January 12, 2022, in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana (hereinafter, the "Petition"). The case is styled *Kathleen Brisset Rome v. Academy Sports and Outdoors, Inc.*, Leonel F. Medina, and Gwen Cleaves, No. 824-340. *See* Exhibit 1, Plaintiff's Petition.

---

[1] Plaintiff named Academy Sports and Outdoors, Inc. as a defendant to this lawsuit.  Although Academy Sports and Outdoors, Inc. is a legal entity, the proper party defendant is Academy, Ltd.

2.

Academy was served with the Petition and Citation on February 7, 2022. *See* Exhibit 2, Service of Process Transmittal. Consequently, this Notice of Removal is timely under 28 U.S.C. § 1446(b)(1), because it has been filed less than 30 days from service of the Petition in this matter.

3.

A List of Parties and Pleadings will be filed with this Notice of Removal pursuant to 28 U.S.C. § 1447(b), a copy of which is attached as Exhibit 3.

4.

This Court has original subject matter jurisdiction of this action under 28 U.S.C. § 1332 and removal jurisdiction under 28 U.S.C. § 1441(a) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is diversity of citizenship for those parties properly joined, *i.e.* Academy.

## AMOUNT IN CONTROVERSY

5.

While Academy denies any liability to Plaintiff, the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Under well-established jurisprudence of the United States Fifth Circuit Court of Appeals, when the plaintiff has alleged an indeterminate amount of damages, the removing defendant can satisfy the amount in controversy requirement under 28 U.S.C. § 1332 by showing that it is "facially apparent" that the plaintiff's claims exceed $75,000.00. *See*, *e.g.*, *Gebbia v. Wal-Mart Stores, Inc*., 233 F.3d 880, 883 (5th Cir. 2000); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). Regardless, even if not "facially apparent" from the petition, the removing defendant may set forth specific facts that

support a finding of the requisite amount in controversy. *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

6.

Here, Plaintiff does not plead a specific amount of damages in her Petition because of the prohibition of pleading a monetary amount of damages under article 893 of the Louisiana Code of Civil Procedure. Nonetheless, it is "facially apparent" from the Petition that the amount in controversy is met in this case. Plaintiff's petition alleges that "while bending over to pick up a canopy from the aisle floor, another canopy, which was stacked vertically on the shelf with the weighted, wheel-end up, fell off the shelf and struck Plaintiff." *See* Exhibit 1, Petition at ¶ 3. Plaintiff further alleges that she suffered "severe and disabling injuries" including a concussion, injury to the bones, muscles, tendons, ligaments and soft tissue of her back, neck, shoulder, and arm and seeks damages for "pain, disability, and medical expenses." *See* Exhibit 1, Petition at ¶ 8.

7.

Even if not "facially apparent" from the Petition that the amount in controversy exceeds $75,000, Academy hereby pleads certain facts to establish the amount in controversy requirement, although denying any liability to Plaintiff. *See Allen*, 63 F.3d at 1335. In communications with Academy, Plaintiff's counsel has indicated an estimated surgery cost in excess of $200,000. *See* Exhibit 4(A) at ¶ 4, Declaration of Bill Parker regarding excerpt of Plaintiff's Medical Records. Further, Plaintiff's counsel indicated in August of 2021 that "[a]s it stand [sic] now, we are in the six figure settlement range." *See* Exhibit 4(B) at ¶ 4, Declaration of Bill Parker regarding September 27, 2021 Email from Troy Broussard. Plaintiff's counsel has also indicated his willingness to consider "a 7-figure settlement" offer, further stating that he

would take such offer to Plaintiff "and see if that will be enough for her to accept not knowing what to expect in the future." *See* Exhibit 4(A) at ¶ 4, Declaration of Bill Parker regarding December 31, 2021 Email from Troy Broussard. It is well settled that pre-petition settlement demand letters may be relied upon in providing the amount in controversy for jurisdictional purposes. *See Carver v. Wal-Mart Stores, Inc.*, No. 08-42, 2008 WL 2050987 (E.D. La. May 13, 2008) (Noland, J.); *see also Fairchild v. State Farm Mutual Automobile Ins. Co.*, 907 F.Supp. 969 (M.D. La. 1995). Here, these facts alone are sufficient to support the amount in controversy requirement.

## DIVERSITY OF CITIZENSHIP

8.

In addition to satisfying the amount in controversy requirement, there is complete diversity of citizenship under 28 U.S.C. § 1332 between Plaintiff and Academy, which is the only non-fraudulently joined defendant in this action.

9.

Plaintiff is a citizen of the State of Louisiana. For purposes of diversity of citizenship, Academy Sports and Outdoors, Inc. is a Delaware corporation with its principal place of business in Texas. *See* Exhibit 4 at ¶ 3, Declaration of Bill Parker. Although Academy Sports and Outdoors, Inc. is a legal entity, it is not the proper party defendant to this lawsuit as the proper party defendant is Academy, Ltd. In an abundance of caution, even though it was not named as a party to this action, Academy pleads the citizenship of Academy, Ltd., which is a limited partnership. The general partner of Academy, Ltd. is Associated Investors, LLC, whereas the limited partner of Academy, Ltd. is Academy Managing Co., LLC. The membership interests of Associated Investors, LLC and Academy Managing Co., LLC are owned 100% by New

Academy Holding Company, LLC. The members of New Academy Holding Company, LLC are ASO Co-Invest Blocker Sub L.P. and ASO Blocker Sub L.P. Those companies are each 100% owned by Academy Sports and Outdoors, Inc.-a Delaware corporation with its principal place of business in Texas.

10.

The citizenships of Mr. Medina and Ms. Cleaves, who are residents of Louisiana, are not considered for purposes of determining diversity citizenship. It is well established that the citizenship of fraudulently or improperly joined defendants, like Mr. Medina and Ms. Cleaves, must be ignored for the purpose of determining the propriety of removal. *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 183 (5th Cir. 2005). Indeed, fraudulent or improper joinder is an exception to the requirement of complete diversity of citizenship. *See Smallwood v. Illinois Central R. Co.,* 352 F.3d 220, 223 (5th Cir. 2003). When a court concludes that a non-diverse party has been improperly joined to defeat diversity, that party *must* be dismissed without prejudice. *Int'l Energy Ventures Mgmt., LLC v. United Energy Group*, 818 F.3d 193, 209 (5th Cir. 2016). As long as the non-diverse party remains joined, "the *only* issue the court may consider is that of jurisdiction itself." *Id.*

11.

A defendant is fraudulently joined and their presence in the lawsuit is ignored for purposes of determining diversity when no viable cause of action has been stated against the resident defendant on the facts alleged. *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999). The criterion used to evaluate fraudulent joinder is not an "absolute standard." In other words, the defendant does not have to show that there is absolutely no basis for recovery. Rather, the test or standard for improper joinder is whether "there is no reasonable basis for the

district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 573 (5th Cir. 2004). Courts have further held that "[i]f no reasonable basis of recovery exists, a conclusion can be drawn from the plaintiff's decision to join the local defendant was indeed fraudulent." *McDonal*, 408 F.3d at 183. A removing party "need not negate any possible theory that [plaintiffs] might allege in the future: Only present allegations count." *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 74 (7th Cir. 1992). Likewise, the removing party need not prove the plaintiff had an improper motive in joining the non-diverse defendants to establish fraudulent joinder. *See Smallwood*, 385 F.3d at 574.

12.

The fraudulent or improper joinder of Mr. Medina and Ms. Cleaves is apparent under well-settled jurisprudence, based on Plaintiff's present allegations, because: (a) there is no legal basis for the claims Plaintiff has asserted against Mr. Medina and Ms. Cleaves and (b) Plaintiff has failed to allege a sufficient factual basis for the claims she has asserted against Mr. Medina and Ms. Cleaves.

13.

Louisiana law provides that for an individual employee to be liable to a third person, the court will consider the following: (a) whether the principal or employer owed a duty of care to the customer; (b) whether this duty was delegated by the principal or employer to the employee in question; (c) whether the employee breached this duty through his or her own personal fault; and (d) whether such employee had a personal duty to the plaintiff that was not properly delegated to another employee. It is well established that personal liability cannot be imposed on an employee simply because of his or her general administrative responsibility for performance of some function of employment. *See West v. Home Depot U.S.A., Inc.*, 2021 WL

4622213 at *3 (E.D. La. 2021) (citing *Brady v. Wal-Mart Stores, Inc.*, 907 F. Supp. 958, 960 (M.D. La. 1995) and *Canter v. Koehring Co.*, 283 So. 2d 716, 721 (La. 1973)).

14.

Louisiana courts have consistently established that a store manager cannot be held liable "simply because of his general administrative responsibility for performance of some function of employment" because no such theory of recovery exists under Louisiana law. *Driver v. Wal-Mart Louisiana, LLC*, 2009 WL 2913938 at *3 (W.D. La. 2009) (quoting *Canter v. Koehring Co.*, 283 So. 2d 716, 721 (La. 1973). Further, and even more on point here, Louisiana jurisprudence has determined that "a store manager cannot be held personally liable for an incident if the store manager was off-duty on the date in question." *West v. Home Depot U.S.A., Inc.*, 2021 WL 4622213 (E.D. La. 2021) (citing *Brown v. Wal-Mart Louisiana, LLC*, 2011 WL 13161555 (W.D. La. 2011). Mr. Medina and Ms. Cleaves did not work at the Metairie, Louisiana store where the alleged incident occurred on the date of the alleged incident. *See* Exhibits 5 and 6 at ¶ 5, Declarations of Leonel Medina and Gwen Cleaves. Rather, Ms. Cleaves and Mr. Medina were both working at Harahan, Louisiana store in April of 2021. *Id.* at ¶ 3. Ms. Cleaves was not transferred to the Metairie, Louisiana store until August 21, 2021, and Mr. Medina was transferred there in October of 2021. Declaration of Leonel Medina at ¶ 4, Exhibit 5; *see also* Declaration of Ms. Cleaves at ¶ 4, Exhibit 6. Both of these were well after the date of the alleged incident here. A similar factual scenario occurred in *Brown v. Wal-Mart Louisiana, LLC*, 2011 WL 13161555 at *5 (W.D. La. 2011). Recognizing that the store manager included in the lawsuit was not the manager of the store on the date of plaintiff's accident, the court found that the plaintiff fraudulently joined the manager. *Id.* The court concluded that the matter was "a classic case of attempting to place liability upon a store manager 'simply because of h[er] general

administrative responsibility for performance of some function of employment." *Id. (quoting Driver v. Wal-Mart Louisiana, LLC*, 2009 WL 2913938 at *3 (W.D. La. 2009).

Likewise, Plaintiff inappropriately, and in complete contradiction to established jurisprudence, attempts to hold Mr. Medina and Ms. Cleaves liable simply because of their general administrative responsibilities as store managers, when in fact, they were not even employed at the store where Plaintiff's alleged injuries occurred until ***months after*** the alleged incident. Thus, the claims against Ms. Cleaves and Mr. Medina are plainly not viable under Louisiana law and must be dismissed without prejudice.

15.

Further, to the extent Plaintiff claims that Mr. Medina and/or Ms. Cleaves improperly stocked the canopies or otherwise personally caused the accident, no evidence supports this contention. *See Brady v. Wal-Mart Stores, Inc*., 907 F. Supp. 958, 960 (M.D. La. 1995). Because of the summary-judgment like procedure applied to fraudulent joinder, this Court is authorized to consider evidence outside of the pleadings, such as affidavits and depositions accompanying the notice of removal. *Brady v. Wal-Mart Stores, Inc*., 907 F. Supp. 958, 959 (M.D. La. 1995) (citing *Carriere v. Sears, Roebuck and Co.,* 893 F.2d 98, 100 (5th Cir. 1990) and *B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 549 n. 9 (5th Cir.1981). As the Declarations of Mr. Medina and Ms. Cleaves illustrate, they were not involved in the stacking of the canopies at the Metairie, Louisiana store where the alleged incident occurred because they did not work there until months after the alleged incident. *See* Exhibits 5 and 6, Declarations of Leonel Medina and Gwen Cleaves. Louisiana jurisprudence has found improper joinder of store employees under such circumstances. *See Thomas v. Wal-Mart Louisiana, LLC*, 2011 WL 3359929 at *2 (W.D. La. 2011); *see also Driver v. Wal-Mart, Louisiana, LLC,* 2009 WL 2913938 (W.D. La. 2009); *Brady*

*v. Wal-Mart Stores, Inc.*, 907 F. Supp. 958, 960 (M.D. La. 1995). For instance, in *Thomas v. Wal-Mart Louisiana, LLC*, the court held that a store manager was improperly joined when, despite the plaintiff's allegation that the manager personally stacked the merchandise in a negligent manner, the manager swore via affidavit that "she did not place the pallet in the location where plaintiff fell nor did she stack the merchandise on the pallet as plaintiff allege[d] in his petition. She assert[ed] that her only knowledge of the pallet was as an assistant manager performing her general duties and that she did not have any hands-on involvement with the location, placement, and setup of the display of which plaintiff complains." 2011 WL 3359929 at *2 (W.D. La. 2011). Considering the circumstances and applicable caselaw, Plaintiff has asserted no viable cause of action against Mr. Medina and Ms. Cleaves. Consequently, they were fraudulently joined for the purpose of defeating diversity jurisdiction and thus dismissal of the claims against them is warranted.

16.

Venue in this Court is provided by 28 U.S.C. § 1441(a), as the Eastern District of Louisiana embraces the Parish of Jefferson where the suit originally was filed.

17.

In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal is being delivered to all parties individually or through their counsel of record. Additionally, a copy of the Notice of Removal will be filed with the Clerk of Court for the Twenty-fourth Judicial District Court for the Parish of Jefferson, State of Louisiana. *See* 28 U.S.C. § 1446(d).

18.

Pursuant to 28 U.S.C. § 1446(b), "all defendants who have been ***properly joined*** and served must join in or consent to the removal of the action." (emphasis added). While it is not necessary for fraudulently-joined defendants, like Mr. Medina and Ms. Cleaves, to consent to or join in the removal of an action, out of an abundance of caution, both Mr. Medina and Ms. Cleaves seek the removal of this action from the 24th Judicial District Court, State of Louisiana to this Court. *See Jernigan v. Ashland Oil, Inc*., 989 F.2d 812, 815 (5th Cir. 1993). *See* Exhibits 5 and 6 at ¶ 9, Declarations of Leonel Medina and Gwen Cleaves.

WHEREFORE, Defendant, Academy Sports and Outdoors, Inc., prays that the above-entitled state court action in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana be removed to the United States District Court for the Eastern District of Louisiana pursuant to 28 U.S.C. § 1441.

Respectfully submitted,

/s/ *James M. Garner*

JAMES M. GARNER (#19589)
RYAN O. LUMINAIS (#30605)
VICTORIA TERRANOVA (#40072)
**SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.**
909 Poydras Street - 28th Floor
New Orleans, LA 70112
Telephone: 504-299-2100
Facsimile: 504-299-2300
jgarner@shergarner.com
rluminais@shergarner.com
vterranova@shergarner.com
**COUNSEL FOR ACADEMY SPORTS AND OUTDOORS, INC.**

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been served on all counsel of record via email, facsimile, hand delivery, and/or by depositing same in the United States Mail, properly addressed and postage prepaid, this 8th of March, 2022.

/s/ *James M. Garner*

_____
James M. Garner