UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KATHLEEN BRISSET ROME | * | CIVIL ACTION |
| VERSUS | * | NO. 22-583 |
| ACADEMY SPORTS AND OUTDOORS, INC., ET AL. | * | SECTION "P" (2) |

**ORDER AND REASONS**

Before the Court is a Motion in Limine Regarding Certain Medical Records filed on behalf of Plaintiff Kathleen Brisset Rome ("Plaintiff"). ECF No. 174. Defendant Academy, Ltd. d/b/a Academy Sports + Outdoors ("Academy") timely filed an Opposition Memorandum. ECF No. 179. Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiff's Motion in Limine Regarding Certain Medical Records (ECF No. 174) is **DENIED** for all the reasons stated herein.

**I.    BACKGROUND**

Plaintiff filed this diversity personal injury suit against Academy to recover for injuries allegedly sustained on April 9, 2021 when a canopy tent fell off of a shelf and struck Plaintiff on the back of her neck and head while she was shopping at an Academy location in Metairie. ECF Nos. 1-1, 10. Trial is set to commence on Monday, April 22, 2024.

Plaintiff seeks to exclude two medical records[1] documenting a 2022 examination by Nurse Practitioner Bradlee Bourgeois at Concentra Urgent Care that Plaintiff was obligated to undergo pursuant to La. Admin. Code § 28:CXIII.303 and 49 C.F.R. § 391.141 in order to maintain her Commercial Driver's License and continue her work as a school bus driver for the St. Charles Parish School Board (the "school board"). ECF Nos. 174, 179. Plaintiff argues the 2022

---

[1] A "Medical Records Examination Form" and "Medical Examiner's Certificate."

examination forms were obtained in violation of Louisiana law and HIPAA and are thus inadmissible because Nurse Bourgeois was unauthorized to release the medical records to the school board, and the records were not obtained by the school board via a subpoena or court order.

In Opposition, Academy argues the school board was required by statute to obtain and maintain Plaintiff's physical examination records and to produce these in response to Academy's subpoena, which was accompanied by a signed HIPAA authorization. ECF No. 179. Academy further contends Plaintiff expressly authorized Nurse Bourgeois, as a healthcare provider at Concentra Urgent Care, to release the records to the school board and that Plaintiff signed authorizations for the release of medical records by both Concentra and the school board during the course of this litigation. *Id*. at 2. Additionally, Academy argues, Plaintiff was independently obligated to produce the 2022 records in response to Academy's discovery requests and failed to do so despite the fact that Plaintiff voluntarily produced her 2021 examination records. *Id*. at 6.

## II.     APPLICABLE LAW AND ANALYSIS

The grant or denial of a motion in limine is within the sound discretion of the trial court and will be reversed only for abuse of discretion and a showing of prejudice.[2] The Federal Rules of Evidence, rather than state law, govern the admissibility of evidence in diversity cases.[3] Plaintiff, however, cites no federal evidentiary rule in support of her motion; she does not argue that the Concentra medical records are inadmissible hearsay, inauthentic, irrelevant, or even privileged. Instead, citing LA. REV. STAT. § 13:3715(B)(1), Plaintiff argues that the records should not be admitted because the medical professional who conducted the subject examination was not authorized to release the records to the school board. ECF No. 174-1 at 2.

---

[2] *Thomas v. Ameritas Life Ins. Corp.,* 34 F.4th 395, 399 (5th Cir. 2022) (citing *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 643 (5th Cir. 2005) (internal citation omitted)).
[3] *See Chevron Oronite Co., L.L.C. v. Jacobs Fields Servs. N. Am., Inc.,* 951 F.3d 219, 227 (5th Cir. 2020).

LA. REV. STAT. § 13:3715(B)(1) establishes the exclusive method by which medical records of a patient who is a party to litigation may be disclosed by a healthcare provider in response to a subpoena. This statute is plainly inapposite to Concentra's release of Plaintiff's medical records to her employer as a part of Plaintiff's statutory obligation to undergo and file evidence of an annual physical examination in order to work as a bus driver.[4] Plaintiff's motion fails on this point alone.[5]

Moreover, Plaintiff authorized Concentra to disclose the 2022 Physical Examination Report to "St Charles Parish Public Schools"[6] and offers no meaningful distinction between her authorization to the release the records to the public school system versus the school board tasked with governing it. Given Plaintiff's statutory obligation to file a copy of her annual examination with her local education agency,[7] her argument that Nurse Bourgeois' release of such medical records to the school board was unauthorized falls flat.

Further, Plaintiff signed HIPAA authorizations for both Concentra Urgent Care and St. Charles Parish School Board,[8] as well as an authorization specifically permitting the school board to release pre-employment physical examination forms and health records,[9] during the course of this litigation. In light of these authorizations, Plaintiff's voluntary production of her 2021

---

[4] *See* LA. ADMIN. CODE § 28: CXIII.303 Bulletin 119- Louisiana School Transportation specifications and Procedures ("Drivers must pass a physical and eye examination meeting current CDL requirements annually. A copy of the examination record must be filed with the LEA transportation office before the beginning of each school year.").

[5] Notably, Plaintiff's citation *to State v. Downs*, 2004-2402 (La. App. 1 Cir., 9/23/05); 923 So.2d 726, further highlights the statute's inapplicability to this case. In *Downs*, the Louisiana First Circuit reversed the trial court's denial of Plaintiff's motion in limine where the State issued a noncompliant subpoena to obtain blood-alcohol testing records from a healthcare provider as part of an ongoing criminal prosecution. Here, in accordance with Plaintiff's signed authorization, Concentra Urgent Care disclosed Plaintiff's 2022 examination records to the school board as a part of Plaintiff's annual recertification process as required by Louisiana administrative law. Further, to the extent Plaintiff argues that the school board improperly disclosed her records under LA. REV. STAT. § 13:3715(B)(1), the argument fails given that the school board is not a "healthcare provider" under the statute.

[6] *See* ECF No. 179 at 5.

[7] LA. ADMIN. CODE § 28: CXIII.303.

[8] *See* ECF No. 179 at 5.

[9] ECF No. 174-2.

examination records,[10] and her designation of "[a]ny and all CDL Physicals" on her final exhibit list in this matter,[11] Plaintiff cannot now argue that the 2022 examination records are inadmissible.

## III.  CONCLUSION

Despite her arguments otherwise, Plaintiff plainly authorized the release of her 2022 CDL medical examination records to her local education agency in accordance with her statutory obligation to undergo and file evidence of an annual physical examination in order to work as a school bus driver in Louisiana.  Further, her citation to the Louisiana procedural law governing a healthcare provider's release of medical records in response to a subpoena is inapplicable in this federal diversity suit.  The medical records at issue are relevant, should have been produced in discovery, and were obtained with Plaintiff's authorization.  Accordingly, for all the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion in Limine to Exclude Certain Medical Records (ECF No. 174) is **DENIED**.

New Orleans, Louisiana, this  15th  day of April, 2024.

**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**

---

[10] *See* ECF No. 185-7.
[11] ECF No. 117 at 6 ¶ 15.