UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**KATHLEEN BRISSET ROME**                    **CIVIL ACTION**

**VERSUS**                                    **NO. 22-583**

**ACADEMY SPORTS & OUTDOORS,**                **SECTION: "P" (3)**
**INC., ET AL**

## ORDER

Before the Court is an "Ex Parte/Consent Motion to Seal Record" filed by Plaintiff Kathleen Brisset Rome.[1] For the following reasons, Plaintiff's motion is **DENIED**, with the right to be re-urged as instructed below.

## LAW AND ANALYSIS

The Fifth Circuit has advised that "[t]o decide whether something should be sealed, the court must undertake a document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure."[2] "[T]he working presumption is that judicial records should not be sealed. . . . And, to the extent that any sealing is necessary, it must be congruent to the need."[3] "Although countervailing interests can outweigh the right of public access, the party seeking to overcome the presumption of access bears the burden to show that the interest in secrecy outweighs the presumption."[4] Thus, while there is a presumption of public access to judicial records, court have recognized that this access is not absolute.[5]

---

[1] R. Doc. 223.
[2] *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 521 (5th Cir. 2022).
[3] *Id.*
[4] *Shell Offshore, Inc. v. Eni Petroleum US LLC*, No. 16-15537, 2017 WL 4226153, at *1 (E.D. La. Sept. 22, 2017) (quoting *Liljeberg Enters. Int'l, LLC v. Vista Hosp. of Baton Rouge, Inc.*, No. 04-2780, 2005 WL 1309158, at *1 (E.D. La. May 19, 2005)).
[5] *See, e.g.*, *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978)); *North Cypress Medical Center Operating Co., Ltd. v. Cigna Healthcare*, 781 F.3d 182, 203-04 (5th Cir. 2015) (recognizing that a court may seal documents that contain confidential business information) (citations omitted); *Ruby Slipper Cafe, LLC v. Belou*, No. 18-1548, 2020 WL 4897905, at *9 (E.D. La. Jan. 8, 2020) (noting that courts have recognized "parties' strong interest in keeping their detailed financial

Plaintiff requests to seal the entire record in this case. She contends the record contains many sensitive documents regarding her health and other personal information.[6] While the Court agrees that certain documents in the record contain personal information that Plaintiff has an interest in protecting and that this interest outweighs the public's interest in such information, the Court does not find that such information is found on every line of every document in the record. Thus, the Court does not find that sealing the entire record is appropriate.

Plaintiff is encouraged to consult the Local Civil Rules of this Court and the case law in this Circuit regarding the sealing of documents before filing any future motions to seal.

## CONCLUSION

**IT IS ORDERED** that Plaintiff's Motion to Seal Record (R. Doc. 223) is **DENIED**, with the right to be re-urged as instructed herein.

New Orleans, Louisiana, this 28th day of August 2024.

_____
**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**

---

information sealed" because the public has a "relatively minimal interest in [that] particular information") (citations omitted); *Westside-Marrero Jeep Eagle, Inc. v. Chrysler Corp., Inc.*, No. 97-3012, 1998 WL 186728, at *1 (E.D. La. Apr. 17, 1998) (maintaining exhibit under seal because the document contained sensitive and proprietary financial information about individual dealerships that, if unsealed, could cause commercial and competitive harm to such dealers).
[6] R. Doc. 223-1.